**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JALEN ALEXANDER,

          Plaintiff,

v.                              CIVIL ACTION NO.   2:20-cv-00340

BETSY JIVIDEN, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Donnie Ames and Betsy Jividen's ("Defendants") Motion to Dismiss, (ECF No. 28); Plaintiff Jalen Alexander's ("Plaintiff") Motion for Leave, (ECF No. 33); Plaintiff's Motion for a Preliminary Injunction, (ECF No. 42); Plaintiff's letter form Motion to Extend Time, (ECF No. 47); Plaintiff's Motion for Leave, (ECF No. 49); and Plaintiff's Motion for Leave, (ECF No. 50).   By standing order entered in this case on May 18, 2020, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R").   (ECF No. 6.)   Magistrate Judge Tinsley entered his PF&R on August 27, 2021, recommending this Court find that Plaintiff has failed to state a plausible claim for relief and that his proposed amendments to his complaint would be futile.   (ECF No. 54 at 24.)   On September 10, 2021, Plaintiff filed a timely Motion to Alter or Amend which this Court will construe as an objection to the PF&R.   (ECF No. 55.)

For the reasons discussed more fully below, the Court **OVERRULES** Plaintiff's objection, (ECF No. 55);[1] **ADOPTS** the PF&R, (ECF No. 54); **GRANTS** Defendants' Motion to Dismiss,

---

[1] Further, to the extent that Plaintiff's Motion to Alter or Amend the Judgment moves for relief under Rule 59 of the

(ECF No. 28); **DENIES** Plaintiff's Motion for Leave, (ECF No. 33); **DENIES** Plaintiff's Motion for a Preliminary Injunction, (ECF No. 42); **DENIES** Plaintiff's letter form Motion to Extend Time, (ECF No. 47); **DENIES** Plaintiff's Motion for Leave, (ECF No. 49); and **DENIES** Plaintiff's Motion for Leave, (ECF No. 50).

## I.    BACKGROUND

Plaintiff is an inmate at Mount Olive Correctional Complex ("MOCC") and has filed this lawsuit pursuant to 42 U.S.C. § 1983 seeking relief against Betsy Jividen, Commissioner of the West Virginia Division of Corrections and Rehabilitation, and Donnie Ames, Superintendent of MOCC.   Plaintiff's First Supplemental Complaint, (ECF No. 24), is the operative complaint in this matter and alleges that Plaintiff has been deprived access to the law library at MOCC and thus the courts, which has in turn affected the outcome of several of Plaintiff's pending civil actions.

A detailed recitation of the complete factual and procedural history of this case are set forth in the PF&R and need not be repeated here.   The Court will provide a discussion of any relevant facts as necessary throughout this opinion to resolve Plaintiff's objections.

## II.    DISCUSSION

In response to the PF&R, Plaintiff has filed a Motion to Alter or Amend the Judgment. (ECF No. 55.)   Taking into consideration that Plaintiff is acting *pro se*, the Court will treat his claims as objections, where appropriate.   Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."   Fed. R. Civ. P. 72(b)(3).   This Court is not required to review,

---

Federal Rules of Civil Procedure or seeks to amend his complaint, the motion is **DENIED**.   As discussed below, Plaintiff's motion is a restatement of his First Supplemental Complaint and similar to the four other motions already pending before this Court.

2

*de novo* or under any other standard, factual or legal conclusions contained within the PF&R to which no objections were addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and Plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted). However, "[t]he district court cannot artificially limit the scope of its review by resort to ordinary prudential rules, such as waiver, provided that proper objection to the magistrate's proposed finding or conclusion has been made and the appellant's right to de novo review by the district court thereby established." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). In reviewing the portion of the PF&R to which Plaintiff objects, this Court will consider the fact that Plaintiff is acting *pro se*, and his filings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

Even read broadly, Plaintiff's motion does not make any statements that could be construed as objections to the findings of the Magistrate Judge. First, Plaintiff's motion provides a preliminary statement and introductory argument section where he summarizes the allegations contained in his First Supplemental Complaint and makes conclusory factual and legal statements. These sections do not direct this Court to any specific error in the Magistrate Judge's analysis and do not assert a proper objection to the PF&R.

3

Next, Plaintiff restates the allegations that his habeas corpus petition, writ of mandamus, deliberate indifference based civil action, and multiple other complaints and documents were all dismissed as a result of his lack of access to the law library.   (ECF No. 55 at 3.)   Plaintiff provides no specific details about the other complaints and documents he argues were dismissed, and the PF&R refers to similar statements Plaintiff made previously that he also failed to properly support. In addition, the PF&R analyzed Plaintiff's claims relating to the dismissal of his habeas corpus petition, state criminal case, and deliberate indifference based civil action and determined that these actions were dismissed for other reasons and not because of a lack of access to the law library. (ECF No. 54 at 21–23.)   Further, Plaintiff also states that he only gets access to the library once a week and has asked for information from the library that he did not receive.   These arguments were also addressed in the PF&R and were similarly dismissed by the Magistrate Judge because Plaintiff failed to allege any injury from this alleged lack of access.   Plaintiff has again simply restated allegations he has made previously and fails to direct this Court to any specific error in the Magistrate Judge's analysis.   Thus, Plaintiff has failed to state a proper objection to the PF&R.

Finally, Plaintiff alleges that he has been beaten by the guards and has attempted suicide because the prison staff want to kill him for filing this lawsuit.   (ECF No. 55 at 5.)   This is not an objection to the PF&R but an entirely new claim that Plaintiff has not raised previously in this matter.   Again, these allegations do not constitute valid objections to the PF&R and is instead an attempt by Plaintiff to introduce entirely new claims in response to the PF&R, which is improper. *Backus v. Cox*, No. 4:13-CV-00881-RBH, 2013 WL 5707328, at *2 (D.S.C. Oct. 18, 2013) ("Plaintiff, however, cannot use his objections to plead new claims or cure the factual defects of

his existing claims against Defendant . . . ."); *see also Samples v. Ballard*, 860 F.3d 266, 275 (4th Cir. 2017).

Accordingly, Plaintiff's liberally construed "objections" do not provide any response to the reasoning contained in the PF&R and make only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano*, 687 F.2d at 47. Because Plaintiff's motion provides no challenge to any factual or legal conclusions contained within the PF&R, this Court need not conduct a *de novo* review. *Id*. Accordingly, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the PF&R in its entirety.

### III.    CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objection, (ECF No. 55); **ADOPTS** the PF&R, (ECF No. 54); **GRANTS** Defendants' Motion to Dismiss, (ECF No. 28); **DENIES** Plaintiff's Motion for Leave, (ECF No. 33); **DENIES** Plaintiff's Motion for a Preliminary Injunction, (ECF No. 42); **DENIES** Plaintiff's letter form Motion to Extend Time, (ECF No. 47); **DENIES** Plaintiff's Motion for Leave, (ECF No. 49); and **DENIES** Plaintiff's Motion for Leave, (ECF No. 50).

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        September 21, 2021

THOMAS E. JOHNSTON, CHIEF JUDGE

5